[Doc. No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ALBERT GREGORY, *on behalf of
himself and all others
similarly situated*,

          Plaintiff,

    v.

McCABE, WEISBERG & CONWAY,
P.C.,

          Defendant.

Civil No. 13-6962 (AMD)

## MEMORANDUM OPINION AND ORDER

In this action, Plaintiff Albert Gregory (hereinafter, "Plaintiff"), a debtor, alleges that Defendant McCabe, Weisberg & Conway, P.C. (hereinafter, "Defendant") transmitted collection letters and/or notices to alleged New Jersey debtors in violation of the Fair Debt Collection Practices Act.[1] The parties now ask the Court to conditionally certify a Federal Rule of Civil Procedure 23(b)(3) settlement class, to preliminarily approve a proposed class-wide settlement, and to authorize notice of the proposed settlement

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73(b), and Rule 73.1 of the Local Civil Rules for the United States District Court, District of New Jersey. (See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge [Doc. No. 10], 1.)

to class members.  For the reasons that follow, the Court grants the joint motion.[2]

Plaintiff Albert Gregory (hereinafter, "Plaintiff") filed the initial complaint in this action on November 17, 2013, on behalf of himself and all others similarly situated, against a debt collector, Defendant McCabe, Weisberg & Conway, P.C. (hereinafter, "Defendant").  (See Class Action Complaint and Demand for Jury Trial [Doc. No. 1].)  In his complaint, Plaintiff alleges that Defendant's initial collection correspondence failed to set forth the amount of Plaintiff's debt, as required by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter, "FDCPA").  (Id. at ¶¶ 35-37.)  Plaintiff alleges that Defendant's practice with respect to all initial collection correspondence fails to provide debtors with written notice concerning the amount of the underlying debt in its initial written collection communications (or within five (5) days thereafter) in violation of the FDCPA.  (Id. at ¶¶ 9, 21,

---

[2]  The Court conducted oral argument on April 24, 2014 and thereafter directed the parties to file supplemental submissions and/or certifications concerning certain issues raised by the Court.  (See Order [Doc. No. 14], Apr. 24, 2014, 2.)  The parties accordingly filed supplemental certifications concerning the circumstances giving rise to, and the terms of, the parties' proposed settlement.  (See, e.g., Certification of Joseph K. Jones, Esq., in Support of Joint Motion for Preliminary Approval of the Class Action Settlement [Doc. No. 17-1]; Affidavit of Joseph F. Riga, an Attorney Employed by McCabe, Weisberg & Conway, P.C., in Support of the Joint Motion to Approve Class Settlement [Doc. No. 18].)

31-41.) See also 15 U.S.C. § 1692g(a)(1) ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--(1) the amount of the debt[.]"). Plaintiff's complaint therefore seeks to proceed in this litigation as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all New Jersey consumers and their successors "who have received collection letters and/or notices" from Defendant which violate the FDCPA by failing to provide the amount of the debt in accordance with 15 U.S.C. § 1692g(a)(1). (See Class Action Complaint and Demand for Jury Trial [Doc. No. 1], ¶ 10.)

Plaintiff entered into a settlement agreement and release with Defendant on January 16, 2014, which purports to fully resolve all class and individual claims set forth in Plaintiff's complaint. (See generally Exhibit 2 [Doc. No. 11], 1-10.) The settlement agreement defines the putative class as:

> All New Jersey consumers, (numbering approximately three thousand), to whom the McCabe Firm sent Initial Correspondence designed to recover a debt, in the form substantially similar to the letter sent to the Class Representative, which letter did not state the amount of the debt. The Class is limited to those (i) who were mailed an Initial Correspondence during the period of time marked by the year preceding the date

> of the filing of the Complaint (i.e., November 17,
> 2012 through November 18, 2013); (ii) who did not
> receive a subsequent letter or notice from the McCabe
> Firm within 5 days of the Initial Correspondence that
> supplemented the Initial Correspondence by stating the
> amount of the consumer's debt; and (iii) who do not
> opt out of the proposed class Settlement.

(Settlement Agreement and General Release [Doc. No. 17-3], 1-2.)[3]

In the event the Court provisionally approves the parties'

proposed settlement and authorizes the distribution of class

notice concerning the litigation and proposed settlement, the

settlement agreement provides a forty-five (45) day period in

which class members possess the right to exclude themselves from

the terms of the settlement through timely submission of an

"'Opt Out'" in accordance with the procedure to be approved by

the Court. (Id. at 4.) Thereafter, the class members "forever

release and discharge all claims" against Defendant which "in

---

[3] The original settlement agreement defined the putative class as
all "New Jersey consumers who were sent an initial communication
from Defendant, concerning the collection of a debt, which did
not state the amount of the debt" to the exclusion of "all
Persons who, in accordance with the terms of [the settlement
agreement], execute a timely request for exclusion ("Opt Out")
from the Class." (Exhibit 2 [Doc. No. 11], 1.) At the hearing
on April 24, 2014, the Court raised an issue with the class
definition's lack of temporal limitation and failure to exclude
from the class individuals who received a subsequent
supplemental letter from Defendant within five (5) days from
receipt of the initial letter. In accordance with the Court's
April 24, 2014 Order, the Plaintiff submitted amended settlement
documents setting forth a revised class definition and
additional information concerning the propriety of the
settlement terms. (See, e.g., Certification of Joseph K. Jones,
Esq., in Support of Joint Motion for Preliminary Approval of the
Class Action Settlement [Doc. No. 17-1].)

any way relate[]" to the facts giving rise to this action.[4]  (<u>Id.</u> at 5.)  In consideration of this release, and without conceding liability, Defendant agrees to pay the aggregate sum of $4,500, $1,500 of which shall be segregated as Plaintiff's class representative payment, with the remainder payable *pro rata* in accordance with class members' timely claims.  (<u>Id.</u> at 3.)  The settlement agreement further contemplates an award of attorneys' fees and costs paid by Defendant in an amount "not to exceed the sum of $18,000" in consideration of putative class counsel's class-related work.[5]  (<u>Id.</u> at 3.)

In the pending motion, the parties move: (i) for conditional certification of a Federal Rule of Civil Procedure 23(b)(3) class, (ii) for preliminary fairness approval of a proposed class-wide settlement, and (iii) for authorization to

---

[4] Under the settlement agreement, Defendant and its client reserve the right, however, "to pursue any debt(s) allegedly owed" by class members and class members relatedly retain any and all assertable defenses concerning the alleged debts. (Settlement Agreement and General Release [Doc. No. 17-3], 6-7.) The parties further assert that the limitations set forth in the proposed release—which "includes only claims that relate to the facts of the Class Complaint"—constitute an appropriate and narrow relinquishment of legal rights.  (Joint Supplemental Memorandum of Law in Support of Preliminary Approval of Class Settlement (hereinafter, "Supp. Br.") [Doc. No. 17], 7.)

[5] Plaintiff also asserts that the proposed settlement "promotes the public interest" because it requires "modifications" to the manner in which Defendants provide initial collections' correspondence "with a greater degree of clarity[.]" (<u>See</u> Brief in Support of Preliminary Settlement Approval and Class Notice (hereinafter, "Br.") [Doc. No. 11-3], 5.)

mail notice of the proposed settlement to class members. (See generally Br. [Doc. No. 11-3].)

Federal Rule of Civil Procedure 23(e) generally provides that, the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 26(e). In the context of preliminary settlement approval, the Court must determine whether the proposed settlement demonstrates "obvious deficiencies" and whether "the 'settlement falls within the range of reason.'" Mylan Pharma., Inc. v. Warner Chilcott Pub. Ltd. Co., No. 12-3824, 2014 WL 631031, at *1 (E.D. Pa. Feb. 18, 2014) (quoting Gates v. Rohm & Haas Co., 248 F.R.D. 434, 438 (E.D. Pa. 2008) (quotations omitted); citing Manual for Complex Litigation, § 21.632 (4th ed. 2009)). This preliminary determination requires the Court to consider: (1) whether the settlement negotiations took place at arm's length; (2) whether "sufficient discovery" supports the proposed settlement; (3) the breadth of the settlement proponents' experience and expertise in similar litigation; and (4) the quantity of proposed class objections, if any.[6] See In re Gen. Motors Corp. Pick-Up Truck

---

[6] In the context of final settlement approval, the Court must instead determine whether the settlement constitutes a "fair, reasonable, and adequate" resolution of the class claims in accordance with Federal Rule of Civil Procedure 23(e) and the nine (9) factors set forth in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975). In re Gen. Motors, 55 F.3d at 785. The Court

Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995) (noting that "an initial presumption of fairness" arises where a court finds the four (4) factors favor preliminary settlement approval). The Court must first find, however, that the proposed class "satisfies the requirements of [Federal Rule of Civil Procedure] 23, regardless [of] whether [the Court] certifies the class for trial or for settlement." In re Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 308 (3d Cir. 1998) (citing Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 621 (1997) ("The safeguards provided by the Rule 23(a) and (b) class-qualifying criteria, we emphasize, are not impractical impediments—shorn of utility—in the settlement class context."); In re Gen. Motors Corp., 55 F.3d at 799-800 ("In sum, 'a class is a class is a class,' and a settlement class, if it is to qualify under Rule 23, must meet all of its requirements.")). The Court therefore turns to the class certification standards set forth by Federal Rule of Civil Procedure 23.

---

need not, however, consider the Girsh factors in the context of the pending motion, in light of the "far less demanding" standard applicable to preliminary approval. Curiale v. Lenox Grp., Inc., 2008 WL 4899474, at *9 n.4 (E.D. Pa. Nov. 14, 2008) ("At the preliminary approval stage, however, we need not address all of [the Girsh] factors, as 'the standard for preliminary approval is far less demanding.'") (citation omitted). Though a helpful guide in considering the preliminary approval, the Court shall expressly address those factors, if at all, in the context of a motion for final settlement approval, rather than in the pending motion.

Federal Rule of Civil Procedure 23(a) generally permits lawsuits to proceed on a class basis. See generally FED. R. CIV. P. 23(a). Class actions, however, constitute "'an exception to the usual rule'" that litigation be "'conducted by and on behalf of the individual named parties only.'" Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 590 (3d Cir. 2012) (quoting Wal-Mart Stores v. Dukes, 131 S.Ct. 2541, 2550 (2011) (quotation marks omitted)). "[A] party seeking to maintain a class action 'must [therefore] affirmatively demonstrate his compliance'" with Federal Rule of Civil Procedure 23. Comcast Corp. v. Behrend, 133 S.Ct. 1426, 1432 (2013) (citations omitted). A plaintiff must accordingly establish the "currently and readily ascertainable" nature of the proposed settlement class based upon objective criteria. Marcus, 687 F.3d at 592-93 (citations omitted). "[E]very putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." Id. at 590 (citing FED. R. CIV. P. 23(a)-(b)). In accordance with Federal Rule of Civil Procedure 23(a), the proposed class must specifically demonstrate: "(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation."[7] In re Prudential, 148 F.3d at 308-09. In the

---

[7] Federal Rule of Civil Procedure 23(a) specifically provides that,

event the action satisfies the criteria set forth in Federal Rule of Civil Procedure 23(a)(1)-(4), the proposed class must also fall within one of the three categories of class actions delineated in Federal Rule of Civil Procedure 23(b). See id. The parties in this instance seek to conditionally certify a settlement class pursuant to Federal Rule of Civil Procedure 23(b)(3). Under Rule 23(b)(3), the Court "must determine that common questions of law or fact predominate and that the class action mechanism" constitutes "the superior method for adjudicating the case." Id. at 309. "The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." Marcus, 687 F.3d at 591 (citing In re Hydrogen Peroxide Antitrust Litig., 552 F. 3d 305, 307 (3d Cir. 2008)).

The parties' submissions propose the following definition for the putative class:

> All New Jersey consumers, (numbering approximately three thousand), to whom the McCabe Firm sent Initial

---

One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

> Correspondence designed to recover a debt, in the form substantially similar to the letter sent to the Class Representative, which letter did not state the amount of the debt. The Class is limited to those (i) who were mailed an Initial Correspondence during the period of time marked by the year preceding the date of the filing of the Complaint (i.e., November 17, 2012 through November 18, 2013); (ii) who did not receive a subsequent letter or notice from the McCabe Firm within 5 days of the Initial Correspondence that supplemented the Initial Correspondence by stating the amount of the consumer's debt; and (iii) who do not opt out of the proposed class Settlement.

(Settlement Agreement and General Release [Doc. No. 17-3], 1-2.)

Federal Rule of Civil Procedure 23's first requirement, ascertainability, entails a two-part inquiry: "[f]irst, the class must be defined with reference to objective criteria." Hayes, 725 F.3d at 355 (citing Marcus, 687 F.3d at 593). Plaintiff must then demonstrate that the proposed class definition provides "a reliable and administratively feasible mechanism for determining whether putative class members fall within" the scope of the proposed class. Hayes, 725 F.3d at 355 (citing Marcus, 687 F.3d at 593). Ascertainability therefore aims to ensure that the proposed class definition does not present administrative burdens "incongruous with the efficiencies expected in a class action." Marcus, 687 F.3d at 593. The proposed definition set forth in the parties' submissions rests upon objective, narrow criteria and sets forth a relevant temporal limitation. In addition, the parties assert that, "[t]he identities and most current addresses of all class

members are known" and/or have been ascertained from Defendant's records. (See, e.g., Br. [Doc. No. 11-3], 18; Supp. Br. [Doc. No. 17], 7 (projecting that the proposed class consists of "3000 individuals").) The revised proposed class definition further encapsulates only those New Jersey consumers who received initial correspondence, but who did not receive within five (5) days thereafter FDCPA-compliant notices.[8] (See generally Settlement Agreement and General Release [Doc. No. 17-3], 1-2.) Moreover, Defendant neither disputes the class definition nor the scope of proposed class claims.   The Court therefore finds that the "ascertainable and bounded" proposed FDCPA class satisfies Federal Rule of Civil Procedure 23(a)'s preliminary considerations. Williams v. Pressler & Pressler, LLP, No. 11-7296, 2013 WL 5435068, at *6 (D.N.J. Sept. 27, 2013) (finding a proposed FDCPA class "satisfied the preliminary Rule 23(a) considerations" because of the "ascertainable and bounded" class definition proposed by plaintiffs). The Court therefore turns to the remaining requirements for conditional certification.

Numerosity requires that the nature of the class renders "impracticable" the joinder of all members. FED. R. CIV.

---

[8] See also 15 U.S.C. § 1692g(a)(1) ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--(1) the amount of the debt[.]").

P. 23(a)(1). However, Plaintiff need not demonstrate a "minimum number of members" in order "to proceed as a class action." Marcus, 687 F.3d at 595 (citing Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001)). Rather, "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40," such demonstration generally satisfies the numerosity requirement. Stewart, 275 F.3d at 226-227. A plaintiff must, however, "offer direct evidence of the exact number and identities of the class members" or "circumstantial evidence" sufficient to support a factual finding in favor of numerosity. Marcus, 687 F.3d at 596. "[M]ere speculation" fails to suffice. Id. Plaintiff asserts that the 3,000 class members in this action renders "joinder impractical." (Br. [Doc. No. 11-3], 15; see also Supp. Br. [Doc. No. 17], 7.) This assertion clearly suffices to demonstrate the impracticability of joinder for the purposes of the pending motion. See Richburg v. Palisades Collections LLC, 247 F.R.D. 457, 462 (E.D. Pa. 2008) (finding numerosity satisfied in a proposed FDCPA class comprised of "'in excess of 3,100 consumers'").

In Federal Rule of Civil Procedure 23(b)(3) cases, as here, the Rule 23(a)(2) commonality requirement and the 23(b)(3) predominance tests may be considered in a single inquiry. See, e.g., Georgine v. Amchem Prods. Inc., 83 F.3d 610, 626 (3d Cir. 1996) ("Because 23(b)(3)'s predominance requirement incorporates

the commonality requirement, we will treat them together."). Consequently, satisfying the "far more demanding" predominance inquiry pursuant to Rule 23(b)(3) necessarily satisfies the less exacting inquiry under Rule 23(a)(2). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 624 (1997). Commonality specifically requires that the proposed class action contain a common contention capable of class wide resolution, "which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551, 2557 (2011) (finding that the plaintiffs had not set forth "convincing proof of a companywide discriminatory pay and promotion policy" sufficient to establish the existence of any common question); id. at 2553 ("the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claim will share common questions of law or fact and that the individual's claim will be typical of the class claims.") (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 157-158 (1982)). Federal Rule of Civil Procedure 23(b)(3) also requires that, "questions of law or fact common to the class" predominate over any questions affecting only individual members. In re Hydrogen Peroxide, 552 F.3d at 310. The Court must therefore consider the extent of commonality in Defendant's conduct and the alleged harm with

respect to all class members. See Sullivan v. DB Invests., Inc., 667 F.3d 273, 298 (3d Cir. 2011) ("the focus of the [ ] inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct"). Federal Rule of Civil Procedure 23(b)(3) class actions need not be as cohesive as other forms of class actions, however, in light of the Rule 23(b)(3) class members' "opportunity to opt out." See Barnes v. Am. Tobacco Co., 161 F.3d 127, 142-43 (3d Cir. 1998) (noting the heightened cohesiveness required in Rule 23(b)(2) context).

Plaintiff asserts that the present proffer satisfies the commonality and predominance inquiries because "central questions" pervade this action "on a class wide" basis, particularly in light of the fact that all prospective class members received "substantially similar" letters setting forth "the same (alleged) violations or omissions under the FDCPA." (Br. [Doc. No. 11-3], 15, 17.) In light "of the [partially] strict-liability nature of [the] FDCPA," harm in this context may prove "academic," because all members of the proposed class, as defined, received the allegedly violative letter in a form substantially similar to the letter sent to Plaintiff, the proposed class representative. Williams, 2013 WL 5435068, at *10. (See also Supp. Br. [Doc. No. 17], 3.) The class members therefore share a common nucleus of operative fact—here, the

14

receipt of nearly identical correspondence from Defendant—"'and the viability of their claims turn[s]'" on a determination of "'the conformity of the letters'" with certain requirements of the FDCPA. Id. (quoting Stair v. Thomas & Cook, 254 F.R.D. 191, 201 (D.N.J. 2008)). The proposed class therefore satisfies the predominance and commonality requirements set forth in Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3). Little-King v. Hayt Hayt & Landau, No. 11-5621, 2013 WL 4874349, at *7 (D.N.J. Sept. 10, 2013) (finding the more-demanding predominance test met because "class members and [p]laintiff challenge the same allegedly improper debt-collection notice used by [d]efendants or ones materially identical").

Typicality requires that the plaintiff's claims be "typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The requirement aims to ensure the "sufficiently similar" nature of the class representatives to the rest of the class—"in terms of their legal claims, factual circumstances, and stake in the litigation"—in order to ensure "that certifying those individuals to represent the class will be fair to the rest of the proposed class." In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 597 (3d Cir. 2009) (emphasis in original) (citations omitted). "This investigation [therefore] focuses on the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which those

15

theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims." Id. at 597-98 (citation omitted). The presence of factual differences among the claims of the putative class members fails, however, to defeat certification, provided that "'the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members'" and is premised upon "'the same legal theory.'" Baby Neal v. Casey, 43 F.3d 48, 58 (3d Cir. 1994) (citations omitted). Here, the named Plaintiff's claims arise from the same "practice or course of conduct that gives rise to the claims of the class" and are predicated upon the same legal theory (i.e., an alleged violation of the FDCPA). Bright v. Asset Acceptance, LLC, 292 F.R.D. 190, 200 (D.N.J. 2013) (citation and quotations omitted). Moreover, individual defenses will not "likely" become a focal point of this litigation. Marcus, 687 F.3d at 599 (citations omitted). Counsel for Defendant conceded on the record on April 24, 2014 that Defendant's initial correspondence letters fail to comply with applicable provisions of the FDCPA (and that Defendant has since modified its practice with respect to initial collection correspondence). (See Br. [Doc. No. 11-3], 12 (noting the "corrective measures promptly undertaken" by Defendant in light of the allegations set forth in Plaintiff's

complaint).) The Court therefore finds this factor satisfied for the purpose of the pending motion.

With respect to the final Rule 23(a) consideration, the Court must carefully inquire into whether "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The Court therefore considers whether "the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988). Adequate representation accordingly depends upon the presence of two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." Wetzel v. Liberty Mut. Ins. Co., 508 F.2d 239, 247 (3d Cir. 1975). Plaintiff asserts a zealous commitment to "pursuing claims on behalf of other class members" and further represents that he possesses no interests antagonistic with the other class members. (Br. [Doc. No. 11-3], 16.) Having reviewed counsel's certification, the Court concludes that counsel has the qualifications and experience to prosecute this matter by way of

class action.[9] (See Certification of Joseph K. Jones, Esq., in Support of Joint Motion for Preliminary Approval of the Class Action Settlement (hereinafter, "Pl.'s Certif.") [Doc. No. 11-1], ¶¶ 5-9.) The Court further notes that neither party has asserted that Plaintiff possesses interests antagonistic to those of the proposed class. The Court therefore finds the adequacy and fairness requirement satisfied at this time. See, e.g., Stair, 254 F.R.D. at 200 (finding plaintiff's attorney "qualified, experienced, and generally able to conduct the proposed litigation"); Smith v. Prof'l Billing & Mgmt. Servs., Inc., No. 06-4453, 2007 WL 4191749, at *4 (D.N.J. Nov. 21, 2007) (finding that proposed counsel was "qualified, experienced and generally able to prosecute this class litigation").

The Court accordingly turns to the superiority requirement set forth in Federal Rule of Civil Procedure 23(b)(3). Superiority requires that the class action mechanism be "superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The Court must examine "(1) the interest of individual members of the class in controlling the prosecution of the action, (2) the extent of litigation commenced elsewhere by

---

[9] The Court's CM/ECF system reflects that counsel for Plaintiff, Joseph K. Jones, Esquire, has litigated or is presently litigating in excess of 180 class-oriented cases in this District.

class members, (3) the desirability of concentrating claims in a given forum, and (4) the management difficulties likely to be encountered in pursuing the class action." <u>Stair</u>, 254 F.R.D. at 201 (citing <u>Danvers Motor Co. v. Ford Motor Co.</u>, 543 F. 3d 141, 149-50 (3d Cir. 2008)). In light of the limited size of the proposed class, no inherent management difficulties appear to preclude this action from proceeding on a class basis. Nor is there an assertion that any individual class member has filed a complaint against Defendant. Rather, counsel for Defendant certifies that Defendant "is not aware of any lawsuit or asserted claim by a New Jersey consumer" concerning the initial collection letter that gives rise to this FDCPA litigation. (Affidavit of Joseph F. Riga, an Attorney Employed by McCabe, Weisberg & Conway, P.C., in Support of the Joint Motion to Approve Class Settlement [Doc. No. 18], ¶ 5.) The Court therefore concludes for the purposes of the pending motion that class resolution constitutes the superior method of litigating this claim. <u>See</u> <u>Smith</u>, 2007 WL 4191749, at *4 (noting that "[c]lass certification is superior where individual claims are small or modest.").

Consequently, for the reasons set forth <u>supra</u>, the Court certifies the following settlement class without prejudice:

> All New Jersey consumers, (numbering approximately three thousand), to whom the McCabe Firm sent Initial Correspondence designed to recover a debt, in the form substantially similar to the letter sent to the Class Representative, which letter did not state the amount of the debt. The Class is limited to those (i) who were mailed an Initial Correspondence during the period of time marked by the year preceding the date of the filing of the Complaint (i.e., November 17, 2012 through November 18, 2013); (ii) who did not receive a subsequent letter or notice from the McCabe Firm within 5 days of the Initial Correspondence that supplemented the Initial Correspondence by stating the amount of the consumer's debt; and (iii) who do not opt out of the proposed class Settlement.

(Settlement Agreement and General Release [Doc. No. 17-3], 1-2.) The Court notes however that certification for settlement purposes does not preclude Defendant's right to oppose certification in the event no final approval of the settlement occurs.

The Court now considers the request for preliminary approval of the proposed settlement. Preliminary settlement approval generally constitutes the corollary to "sending notice of the settlement to the class[.]" In re General Motors, 55 F.3d at 785 (citation omitted). As set forth supra, in the context of preliminary settlement approval, as here, the Court must determine whether the proposed settlement demonstrates "obvious deficiencies" and whether "the 'settlement falls within the range of reason.'" Mylan Pharma., Inc., 2014 WL 631031, at *1 (citations omitted). The Court accordingly examines: (1) whether the settlement negotiations took place at arm's length; (2)

whether "sufficient discovery" supports the proposed settlement; (3) the breadth of the settlement proponents' experience and expertise in similar litigation; and (4) the quantity of proposed class objections, if any. Id. In evaluating a settlement for preliminary approval, however, the Court "need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute." Thomas v. NCO Fin. Sys., Inc., No. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002) (citing Detroit v. Grinnell Corp., 495 F.2d 448, 456 (2d Cir. 1974)).

Plaintiff asserts that the parties' "negotiated in good faith to forge a settlement" in accordance with the financial parameters set forth in 15 U.S.C. § 1692k, and that the proposed settlement provides a "substantial" recovery relative "to the risks inherent in prosecuting individual claims under the FDCPA." (Br. [Doc. No. 11-3], 4; see also Pl.'s Certif. [Doc. No. 11-1], ¶¶ 11-12 (certifying that, "[t]his settlement is the result of extensive arms-length negotiations between the parties").) Counsel for Plaintiff further certifies based upon his "considerable experience in litigation consumer actions" to the "fair, reasonable, and adequate" nature of the proposed settlement. (Pl.'s Certif. [Doc. No. 11-1], ¶ 122.)

Under the FDCPA, an aggrieved party may be awarded the sum of 1) $1,000 per individually named plaintiff and 2) an

amount "for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B); see also McCall v. Drive Fin. Servs., L.P., 440 F. Supp. 2d 388, 390 (E.D. Pa. 2006) (noting that, "under a plain reading of this text, the maximum potential liability of a defendant is $1,000 multiplied by the number of named plaintiffs plus $500,000"). As an initial matter, the Court therefore finds that the proposed $1,500 class representative payment to Plaintiff falls within the range of reason. In the event Plaintiff proceeded in this action on an individual basis, he would be entitled to statutory damages in an amount not to exceed $1,000 in the event he prevailed on his FDCPA claims. See 15 U.S.C. § 1692k(a)(2)(B) (setting forth the relevant statutory damages for individual FDCPA claims). Consequently, the proposed class representative payment, in essence, provides Plaintiff with a $500 payment in exchange for pursuing this action on a class basis and the Court finds that this $500 incentive award falls within the range of reason. With respect to the proposed class fund, the settlement agreement proposes that the payment amounts be determined by the number of claimants "who timely and properly" submit claim forms. (Settlement Agreement and General Release [Doc. No. 17-3], 3.) As set forth supra, the parties assert that approximately three

22

thousand individuals comprise the class. (See Supp. Br. [Doc. No. 17], 3.) Counsel for Plaintiff certifies that he reviewed Defendant's "financial information and balance sheets" and has determined that "the proposed class fund of $3,000.00 exceeds the statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)." (Certification of Joseph K. Jones, Esq., in Support of Joint Motion for Preliminary Approval of the Class Action Settlement [Doc. No. 17-1], ¶ 7.) Plaintiff therefore asserts that the proposed class settlement fund likely exceeds any judgment provided by the FDCPA. (Br. [Doc. No. 11-3], 11.) Counsel for Defendant, an attorney employed by Defendant, similarly certifies that Defendant's "net worth" renders the $3,000.00 class payment in excess of the "class action damages cap defined in section 1692k(a)(2)(B)(ii) of the" FDCPA. (Affidavit of Joseph F. Riga, an Attorney Employed by McCabe, Weisberg & Conway, P.C., in Support of the Joint Motion to Approve Class Settlement [Doc. No. 18], ¶ 3.) Counsel for Defendant also asserted on the record on April 24, 2014 that Defendant's net worth is a negative number. Notwithstanding Defendant's purported financial condition, counsel for Defendant asserts that Defendant "agreed to waive" the damage limits prescribed by the FDCPA "in return for the release and other agreements contained" in the pending submissions.[10] (Id. at ¶ 4.) In light

---

[10] As set forth supra, under the FDCPA, an aggrieved party may be

of the representations concerning Defendant's financial
condition, the Court finds no clear deficiencies in the
financial terms of the parties' proposed settlement, but will
revisit this issue in the context of final settlement approval.
The Court further notes that the proposed terms of the
settlement mirror in proportion settlement terms approved in
other FDCPA class actions throughout this Circuit. See, e.g.,
Little-King, 2013 WL 4874349, *2, *22 (granting final approval
of an FDCPA settlement which required in part a $40,000 payment
to be divided pro rata among a class estimated "to include more
than 51,000 members"); Oslan v. Law Offices of Mitchell N. Kay,
232 F. Supp. 2d 436 (E.D. Pa. 2002) (granting final approval of
an FDCPA settlement which required in part a $20,000 payment to
be divided pro rata amongst a class of approximately 3,413
members). The Court further notes that the settlement agreement
proposes that the class fund be distributed pro rata "to all
Class Members who timely and properly submit[] claim forms[,]"
with any remainder "due to rounding to ensure equal payment to
each Class Member" paid to the National Consumer Law Center.
(Settlement Agreement and General Release [Doc. No. 17-3], 3.)
In light of the parties' proffer and settlements approved in

---

awarded the sum of 1) $1,000 per individually named plaintiff
and 2) an amount "for all other class members, without regard to
a minimum individual recovery, not to exceed the lesser of
$500,000 or 1 per centum of the net worth of the debt
collector." 15 U.S.C. § 1692k(a)(2)(B).

comparable cases, the Court finds that the $3,000 proposed class fund falls within the "range of reason[.]" <u>Smith</u>, 2007 WL 4191749, at *2. As noted <u>supra</u>, the Court will consider issues related to the adequacy and fairness of the settlement in the context of the final settlement approval hearing.[11]

      With respect to the sufficiency of discovery, the Court notes that counsel asserts knowledge concerning the "identities and [] current addresses" of *all* class members. (Br. [Doc. No. 11-3], 18.) Moreover, because this action is premised primarily upon a form collection notification letter (the class includes only those consumers who received initial correspondence substantially similar to Plaintiff), the Court concludes that legal issues predominate the remaining disputes in this litigation. The Court therefore preliminarily approves the proposed settlement, and turns to the appointment of class counsel.

      Federal Rule of Civil Procedure 23(g)(1)(A) requires the Court to "appoint counsel" upon certification of a class.

---

[11] As set forth <u>supra</u>, the parties' proposed settlement also contemplates an award of attorneys' fees and costs to class counsel in an amount "not to exceed the sum of $18,000.00[.]" (Settlement Agreement and General Release [Doc. No. 17-3], 3.) Though counsel for Plaintiff has not submitted a preliminary breakdown of the attorneys' fees and costs presently incurred in this litigation, the Court finds that an award of attorneys' fees and costs "for *all work* performed on behalf of the Class (including work performed through the Effective Date)," but not to exceed $18,000 also falls within the range of reason. (<u>Id.</u> (emphasis added).)

FED. R. CIV. P. 23(g)(1)(A). The Court has considered the factors set forth in Federal Rule of Civil Procedure 23(g) and finds that counsel has handled other FDCPA class actions, has identified potential claims in this litigation, certifies to his knowledge of the substantive law applicable to the claims asserted in Plaintiff's complaint, and appears able to commit the resources necessary to represent the class. (Pl.'s Certif. [Doc. No. 11-1], ¶ 122.) The Court therefore appoints counsel for Plaintiff, Joseph K. Jones, Esquire, as class counsel, and addresses the parties' proposed notice.

Federal Rule of Civil Procedure 23(c)(2) requires that members of a class certified pursuant to Federal Rule of Civil Procedure 23(b) be provided with "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," of the pendency of the litigation, their right to opt-out and the effect of their failure to do so. FED. R. CIV. P. 23(c)(2)(B). Federal Rule of Civil Procedure 23(e) relatedly provides for notice of a proposed settlement in accordance with Court direction. FED. R. CIV. P. 23(e). Here, however, because the Court has provisionally certified the settlement class and conditionally approved the proposed class settlement, class notice must satisfy the more exacting requirements of Federal Rule of Civil Procedure 23(c)(2). See Thomas, 2002 WL 1773035,

at *7 (applying the Federal Rule of Civil Procedure 23(c)(2) standard to a settlement class). The parties propose to notify class members of this litigation by "directly addressed, first class regular mail." (Br. [Doc. No. 11-3], 18.) Plaintiff further asserts that he possesses the "identities and most current [mailing] addresses" for all class members.[12] (Id.) In light of this representation, the Court finds the proposed method of notice constitutes the best notice practicable. However, the Court must further inquire into the adequacy of the proposed notice's form. Federal Rule of Civil Procedure 23(c)(2)(B) requires the proposed notice to "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." FED. R. CIV. P. 23(c)(2)(C). The Court finds that the parties' proposed notice fails to adequately delineate the requisite information. (See generally Exhibit 3 [Doc. No. 11], 27-36 on the docket.) The

---

[12] To the extent such addresses are no longer current, Plaintiff further asserts that "accurate mail forwarding information may still be available." (Br. [Doc. No. 11-3], 18.)

proposed notice specifically provides limited, if any, information concerning the nature of this action, the alleged FDCPA violations, nor any information concerning the relief generally available with respect to such claims. (Id. at 28-29 on the docket.) Nor does the proposed notice allege the specific claims brought on behalf of class members, the specific legal issues involved in this matter, and the defenses, if any, asserted by Defendant. In addition, the proposed notice should set forth more specifically the temporally-limited definition of the class being certified in this matter. The proposed notice also inadequately explains that a class member may, if desired, enter an appearance through an attorney. (Id. at 32-33 on the docket.)  Class counsel shall submit a revised noticed to the Court which addresses these deficiencies by no later than June 27, 2014.

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 12th day of June 2014, hereby

**ORDERED** that the Joint Motion for Preliminary Approval of Class Action Settlement [Doc. No. 11] shall be, and hereby is, **GRANTED IN PART**; and it is further

**ORDERED** that the Court hereby certifies the following settlement class solely for purposes of settlement pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3): All New

Jersey consumers, (numbering approximately three thousand), to whom the McCabe Firm sent Initial Correspondence designed to recover a debt, in the form substantially similar to the letter sent to the Class Representative, which letter did not state the amount of the debt. The Class is limited to those (i) who were mailed an Initial Correspondence during the period of time marked by the year preceding the date of the filing of the Complaint (i.e., November 17, 2012 through November 18, 2013); (ii) who did not receive a subsequent letter or notice from the McCabe Firm within 5 days of the Initial Correspondence that supplemented the Initial Correspondence by stating the amount of the consumer's debt; and (iii) who do not opt out of the proposed class Settlement; and it is further

**ORDERED** that Joseph K. Jones, Esquire, of the Law Offices of Joseph K. Jones shall be, and hereby is, appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g); and it is further

**ORDERED** that, by June 27, 2014, Plaintiff shall submit to the Court a revised notice of proposed class action settlement and proposed settlement agreement; and it is further

**ORDERED** that following approval of the revised notice, the Court shall schedule a hearing in order to (i) assess the fairness, reasonableness, and adequacy of the proposed settlement; (ii) to determine whether a Final Judgment should be

entered approving the Settlement Agreement in all respects; and (iii) to assess and approve, if appropriate, class counsel's request for attorneys' fees and reimbursement of expenses.


                              s/ Ann Marie Donio
                              _____
                              ANN MARIE DONIO
                              UNITED STATES MAGISTRATE JUDGE